# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSEPH A. DUBE, JR.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:08-cv-1042-Orl-28DAB**

**STEPHINIE SCHWAGER, FLORIDA DEPT. OF REVENUE, COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA, DEPARTMENT OF CHILDREN AND FAMILIES OF FLORIDA, AND DEPARTMENT OF CHILDREN AND FAMILIES OF PENNSYLVANIA,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:    June 26, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **dismissed** for lack of jurisdiction.
>
> **MOTION:   MOTION TO APPOINT COUNSEL (Doc. No. 3)**
>
> **FILED:    June 26, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff seeks to proceed in this action *in forma pauperis*. In order to proceed in this fashion, Plaintiff must allege a non-frivolous cause of action within the limited jurisdiction of the federal courts.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed in forma pauperis. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed in forma pauperis, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id. (quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976)). A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

Here, the complaint does not meet that standard. Federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A plaintiff invoking a federal court's jurisdiction must establish this jurisdiction in the complaint. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (not only must the jurisdictional provision be stated in the complaint, but facts "demonstrating the existence of jurisdiction" must be stated); *see also* Fed.R.Civ.P. 8(a)(1) (a complaint shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends ..." ); and *Barnett v. Bailey*, 956 F.2d 1036, 1039-41 (11th Cir.1992) (holding that a federal court may inquire into its jurisdiction at anytime and may dismiss

an action *sua sponte* for lack of subject matter jurisdiction).  Here, Plaintiff has not pled any facts sufficient to establish this Court's jurisdiction.

It appears from the Complaint (Doc. No. 1) that Plaintiff seeks to proceed on behalf of his daughter, with respect to what appear to be child support issues.  There is no showing that family law issues, which are almost always the subject of state and not federal law, are within the limited jurisdiction of this Court.  Nor is it clear that the Court has personal jurisdiction over the named Defendants, in any event.  As the Complaint cannot survive, as pled, it must be **dismissed.**  As Plaintiff has no entitlement to appointment of counsel to prosecute a claim that is not within the Court's jurisdiction, and is not his claim in any event, but the claim of his daughter, the motion for counsel should also be **denied.**

It is recommended that Plaintiff's application be denied and that the action be dismissed if Plaintiff fails to file an amended complaint setting forth some claim within the limited jurisdiction of this Court against a defendant amenable to suit in this Court.  Any such amendment must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief" within 11 days from the date of any Order adopting or affirming this Report and Recommendation. **Accordingly, it is respectfully RECOMMENDED that Plaintiff's case be DISMISSED without further notice if Plaintiff fails to file an amended complaint in compliance with these guidelines within 11 days from the date of any Order adopting or affirming this Report and Recommendation**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 30, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Unrepresented Party
Courtroom Deputy